[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the application of the defendant, BBED Associates, Inc. ("BBED" or "owner"), to discharge a mechanic's lien filed by the plaintiff, National Lumber, Inc. ("lienor"), on BBED's property located at 9 Monroe Street, Hamden.
In the application, the owner asserts that "there is not probable cause to sustain the validity of such lien." At the hearing, without objection, the owner presented evidence relevant to its claim that the lien is invalid pursuant to 49-36 C.G.S. because prior to the filing of the lien it had paid the general contractor in full.
The court finds the facts to be as follows. BBED hired Frederick Buonfiglio, d/b/a Buonfiglio Builders to build the shell of a house at 9 Monroe Street, and Buonfiglio ordered and received lumber and other materials from National Lumber, Inc. The contract price for the project was $29,300.00. Pursuant to the contract, BBED paid Buonfiglio $7,600.00 upon the signing of the contract. The contract provided that the balance would be paid "upon completion of footings, foundation, shell, roof, doors and windows."
BBED paid Buonfiglio the balance due under the contract on October 25, 1991, a Friday. At that time, the windows were not yet complete because they had been ordered but had not yet been received from National Lumber, Inc. The roof shingles had not been installed because BBED's customer had not selected a color. Anticipating that he would receive and install the remaining windows on October 25, 1991, Buonfiglio pressed BBED for payment of the full amount of the contract.
BBED made full payment before the contract work was completed. Invoices received in evidence indicate that National Lumber, Inc. supplied Buonfiglio with materials for the project at 9 Monroe Street until November 25, 1991, and that it received no notice and had no knowledge while it was supplying the materials that Buonfiglio had been paid in full for the project before its completion.
Section 49-36 (c) C.G.S. provides in relevant part that "[i]n determining the amount to which any lien . . . may attach upon any CT Page 4679 land . . . the owner of the land . . . shall be allowed whatever payments he has made, in good faith, to the original contractor, before receiving notice of the lien . . . . No payments made in advance of the time stipulated in the original contact may be considered as made in good faith, unless notice of intention to make the payment has been given in writing to each person known to have furnished materials or rendered services at least five days before the payment is made."
The court concludes that BBED paid Buonfiglio in full in advance of the time stipulated in their contract and that it did not give notice of such payment to National Lumber, Inc. Accordingly, the statute cited above precludes a finding that the payment was in good faith and further precludes the owner from protection from a lien in excess of the contract price. Because of the premature payment, the owner's reliance on Rene Dry Wall Co. v. Stawberry Hill Associates, 182 Conn. 568 (1980) is misplaced.
The lienor established probable cause that it had furnished materials for which it had not been paid. BBED failed to present the lien in evidence, and the amount of the lien is not of record, however the owner neither pleaded nor proved that the lien is excessive or that it is invalid for any reason other than the ground rejected above.
The application to discharge the lien is denied.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT